UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                   :
RICHARD GIBBS,                     :
                                   :   Civil Action No. 09-1046 (NLH)
         Petitioner,               :
                                   :
    v.                             :   **OPINION**
                                   :
BERNARD GOODWIN, et. al.,          :
                                   :
         Respondents.              :
_____:

**APPEARANCES**:

    RICHARD GIBBS, Petitioner Pro Se
    # 232215C, 3W
    Adult Diagnostic and Treatment Center
    8 Production Way
    Avenel, New Jersey 07001

**HILLMAN**, District Judge

This matter is before the Court on petitioner Richard Gibbs' petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, in which he is challenging his 1998 New Jersey state court conviction and sentence. For reasons discussed below, it appears from review of the petition papers provided by petitioner that his § 2254 habeas petition is subject to dismissal as time-barred under 28 U.S.C. § 2244(d).[1]

_____

[1] Although the statute of limitations is an affirmative defense, Robinson v. Johnson, 313 F.3d 128, 134 (3d Cir. 2002), cert. denied, 124 S.Ct. 48 (2003), it is appropriate for a

1

I.      PROCEDURAL BACKGROUND

Petitioner, Richard Gibbs ("Gibbs"), filed a petition for habeas corpus relief on or about March 1, 2009.[2]  According to the allegations contained in his petition, Gibbs was convicted, on or about July 16, 1998, pursuant to a guilty plea to charges of first degree aggravated sexual assault, second degree sexual assault, and second degree endangering the welfare of a child, in the Superior Court of New Jersey, Law Division, Burlington

---

district court to raise the issue sua sponte prior to ordering an answer.  Recently, the Supreme Court held that district courts are permitted to consider *sua sponte* the timeliness of a state inmate's habeas petition; however, the district court must accord the parties fair notice and an opportunity to present their positions on the issue of time bar if the record shows that the petition is untimely.  Day v. McDonough, 126 S.Ct. 1675, 1684 (April 25, 2006).

[2] Pursuant to the "prison mailbox rule," a habeas petition is deemed filed on the date the prisoner delivers it to prison officials for mailing, not on the date the petition is ultimately filed with the court.  See Houston v. Lack, 487 U.S. 266, 270-71 (1988); see also Burns v. Morton, 134 F.3d 109, 112-13 (3d Cir. 1988) (applying prison mailbox rule set forth in Houston, which dealt with filing of an appeal, to a pro se prisoner's filing of a habeas petition).  Although the Court is unable to determine the exact date that Gibbs handed his petition to prison officials for mailing, Gibbs signed a certification of his petition on March 1, 2009.  See Henderson v. Frank, 155 F.3d 159, 163-64 (3d Cir. 1988) (using date prisoner signed petition as date he handed it to prison officials for purposes of calculating timeliness of habeas petition).  Accordingly, the Court finds that March 1, 2009 was the date this petition was filed for purposes of calculating the timeliness of the petition, and not the date the petition was received by the Clerk of the Court on March 4, 2009.

County.  Gibbs was sentenced to 45 years in prison with a 15-year parole disqualifier.

Gibbs filed a direct appeal from his conviction and sentence to the Superior Court of New Jersey, Appellate Division.  On February 6, 2001, the Appellate Division affirmed the conviction, but remanded the matter with respect to the consecutive sentencing.  On July 24, 2002, the trial court conducted a remand hearing and imposed the same sentence on August 12, 2002.  Gibbs appealed again, and the Appellate Division affirmed the trial court's sentence on July 10, 2003.  Gibbs filed a petition for certification with the Supreme Court of New Jersey, which was denied on January 21, 2004.  The New Jersey Supreme Court also denied Gibbs' motion for reconsideration on April 26, 2004. Gibbs did not file a petition for certiorari with the Supreme Court of the United States.

Gibbs then filed a petition for post-conviction relief ("PCR") in state court, asserting claims of ineffective assistance of trial and appellate counsel, violation of his Fifth Amendment right to remain silent, prosecutorial misconduct and judicial misconduct.  The state PCR court denied the petition on June 27, 2006, without an evidentiary hearing.  Gibbs states that he appealed from the denial of his PCR petition, but does not provide the date of the Appellate Division ruling.  Petitioner

also does not state whether he filed for a petition for certification with the Supreme Court of New Jersey, or the date certification was denied.

Gibbs filed this federal habeas petition on March 1, 2009.

## II.   STANDARD OF REVIEW

A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers.  Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972). A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance.  See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney General, 878 F.2d 714, 721-22 (3d Cir. 1989); United States v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969), cert. denied, 399 U.S. 912 (1970).

## III.   STATUTE OF LIMITATIONS ANALYSIS

The limitation period for a § 2254 habeas petition is set forth in 28 U.S.C. § 2244(d), which provides in pertinent part:

> (1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of–
>
>     (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; ...
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review

>     with respect to the pertinent judgment or claim is
>     pending shall not be counted toward any period of
>     limitation under this section.

Section 2244(d) became effective on April 24, 1996 when the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") was signed into law. See Burns v. Morton, 134 F.3d 109, 111 (3d Cir. 1998); Duarte v. Herschberger, 947 F. Supp. 146, 147 (D.N.J. 1996).

Thus, pursuant to § 2244(d), evaluation of the timeliness of a § 2254 petition requires a determination of, first, when the pertinent judgment became "final," and, second, the period of time during which an application for state post-conviction relief was "properly filed" and "pending."

A state-court criminal judgment becomes "final" within the meaning of § 2244(d)(1) by the conclusion of direct review or by the expiration of time for seeking such review, including the 90-day period for filing a petition for writ of certiorari in the United States Supreme Court. See Swartz v. Meyers, 204 F.3d 417, 419 (3d Cir. 2000); Morris v. Horn, 187 F.3d 333, 337 n.1 (3d Cir. 1999); U.S. Sup. Ct. R. 13.

The limitations period is tolled, however, during the time a properly filed application for state post-conviction relief is pending. 28 U.S.C. § 2244(d)(2). An application for state post-conviction relief is considered "pending" within the meaning of

§ 2244(d)(2), and the limitations period is statutorily tolled, from the time it is "properly filed,"[3] during the period between a lower state court's decision and the filing of a notice of appeal to a higher court, Carey v. Saffold, 536 U.S. 214 (2002), and through the time in which an appeal could be filed, even if the appeal is never filed, Swartz v. Meyers, 204 F.3d at 420-24. Nevertheless, § 2244(d)(2) does not toll the one year statute of limitations during the pendency of a state prisoner's petition for writ of certiorari in the United States Supreme Court. See Lawrence v. Florida, __ U.S. __, 127 S.Ct. 1079, 1083 (2007); Stokes v. District Attorney of the County of Philadelphia, 247 F.3d 539, 542 (3d Cir.), cert. denied, 534 U.S. 959 (2001). Stokes v. District Attorney of the County of Philadelphia, 247 F.3d 539, 542 (3d Cir.), cert. denied, 534 U.S. 959 (2001).

---

[3] An application is "properly filed" when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee. In some jurisdictions the filing requirements also include, for example, preconditions imposed on particular abusive filers, or on all filers generally. But in common usage, the question whether an application has been "properly filed" is quite separate from the question whether the claims contained in the application are meritorious and free of procedural bar. Artuz v. Bennett, 531 U.S. 4, 8-9 (2000) (footnotes and citations omitted).

Here, Gibbs' judgment of conviction became final after the enactment of AEDPA.  The judgment of conviction was entered on July 16, 1998, and Gibbs filed a direct appeal shortly thereafter.  On April 26, 2004, the Supreme Court of New Jersey denied Gibbs' motion for reconsideration regarding the denial of certification.  Gibbs did not seek certiorari with the Supreme Court of the United States, therefore, his judgment of conviction became final 90 days after April 26, 2004, or July 24, 2004.  See Swartz, 204 F.3d at 419; Morris, 187 F.3d at 337 n.1; U.S. Sup. Ct. R. 13.  Thus, for purposes of determining when the statute of limitations would start to run, Gibbs had one year from July 24, 2004, or until July 24, 2005, to filed his federal habeas petition under § 2254.

To permit tolling of the one-year limitations period under 28 U.S.C. § 2244(d)(2), Gibbs would have had to file his state PCR petition before the one-year period had expired, or before July 24, 2005.  Otherwise, the state PCR petition would not serve to toll the statute of limitations.  In this case, it is not apparent whether Gibbs filed his state PCR petition on or before that date, July 24, 2005.  Consequently, it is not clear whether Gibbs is entitled to statutory tolling.  Nevertheless, this Court will accept, for argument's sake at this time, that the state PCR petition was filed before July 24, 2005.

7

However, Gibbs does allege that his state PCR petition was denied on June 27, 2006, and does not provide any further information to show whether the statutory tolling continued beyond June 27, 2006.  Accordingly, Gibbs would have had one year (or less depending on when he actually filed his state PCR petition), or until June 27, 2007, to file his federal habeas petition.  He did not file his § 2254 petition until March 1, 2009, more than 20 months after the limitations period expired.  Therefore, it would appear from the face of the petition that this habeas action is now time-barred under 28 U.S.C. § 2244(d).

Before the Court can dismiss this action as time-barred, it is appropriate that the parties be given the opportunity to address the issue of timeliness.  See Day v. McDonough, 547 U.S. 198 (2006)(district courts are permitted to consider *sua sponte* the timeliness of a state inmate's habeas petition, but must accord the parties fair notice and an opportunity to present their positions).

Gibbs may be able to overcome this statutory time bar if he can show that the limitations period did not expire on June 27, 2007, or if he can show a basis for equitable tolling.  See Fahy v. Horn, 240 F.3d 239, 244 (3d Cir.), cert. denied, 534 U.S. 944 (2001); Jones v. Morton, 195 F.3d 153, 159 (3d Cir. 1999); Miller v. New Jersey State Dept. of Corrections, 145 F.3d 616, 618 (3d

Cir. 1998). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 416-17 (2005). The Third Circuit instructs that equitable tolling is appropriate when "principles of equity would make the rigid application of a limitation period unfair, such as when a state prisoner faces extraordinary circumstances that prevent him from filing a timely habeas petition *and* the prisoner has exercised reasonable diligence in attempting to investigate and bring his claims." LaCava v. Kyler, 398 F.3d 271, 275-76 (3d Cir. 2005). Mere excusable neglect is not sufficient. Id.; Miller, 145 F.3d at 618-19; Jones, 195 F.3d at 159.

Extraordinary circumstances permitting equitable tolling have been found where: (1) the petitioner has been actively misled; (2) the petitioner has been prevented from asserting his rights in some extraordinary way; (3) the petitioner timely asserted his rights in the wrong forum, see Jones, 195 F.3d at 159, or (4) the court has misled a party regarding the steps that the party needs to take to preserve a claim, see Brinson v. Vaughn, 398 F.3d 225, 230 (3d Cir.), cert. denied, 126 S.Ct. 473

(2005).[4]  Even where extraordinary circumstances exist, however, "[i]f the person seeking equitable tolling has not exercised reasonable diligence in attempting to file after the extraordinary circumstances began, the link of causation between the extraordinary circumstances and the failure to file is broken, and the extraordinary circumstances therefore did not prevent timely filing."  Brown v. Shannon, 322 F.3d 768, 773 (3d Cir.)(quoting Valverde v. Stinson, 224 F.3d 129, 134 (2d Cir. 2000)), cert. denied, 539 U.S. 948 (2003).

Therefore, before this Court can dismiss this petition as time-barred, an Order will be issued directing Gibbs to show cause why his petition should not be dismissed as time-barred.

---

[4] The Third Circuit has expressly held that, in non-capital cases, attorney error, miscalculation, inadequate research, or other mistakes are not the extraordinary circumstances necessary to establish equitable tolling.  Johnson v. Hendricks, 314 F.3d 159, 163 (3d Cir. 2002), cert. denied 538 U.S. 1022 (2003); Fahy, 240 F.3d at 244.

CONCLUSION

For the foregoing reasons, because this Court finds that the petition for a writ of habeas corpus under 28 U.S.C. § 2254 may be subject to dismissal as time-barred under 28 U.S.C. § 2244(d), the Court will order Gibbs to show cause in writing why his petition should not be dismissed as untimely.  An appropriate order follows.

\_\_\_\_\_/s/_____
NOEL L. HILLMAN
United States District Judge

DATED: May 1, 2009

At Camden, New Jersey