**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

_____  :
                                   :
RICHARD GIBBS,                     :
                                   :     Civil Action No. 09-1046 (NLH)
            Petitioner,            :
                                   :
     v.                            :     **OPINION**
                                   :
BERNARD GOODWIN, et. al.,          :
                                   :
            Respondents.           :
                                   :


**APPEARANCES:**

  **RICHARD GIBBS**, Petitioner <u>Pro</u> <u>Se</u>
  # 232215C, 3W
  Adult Diagnostic and Treatment Center
  8 Production Way
  Avenel, New Jersey 07001

**HILLMAN**, District Judge

    This matter is before the Court on the petition of Richard

Gibbs, for habeas corpus relief under 28 U.S.C. § 2254.  On May

1, 2009, this Court issued an Order to Show Cause directing

petitioner to show cause in writing, on or before May 29, 2009,

why his habeas petition should not be dismissed as time-barred

under 28 U.S.C. § 2244(d).  Petitioner filed his response on or

about May 26, 2009.  For the reasons discussed below, the Court

finds that the petition was timely filed under 28 U.S.C.

§ 2244(d).

## I.   PROCEDURAL BACKGROUND

Petitioner, Richard Gibbs ("Gibbs"), filed a petition for habeas corpus relief on or about March 1, 2009.[1]  According to the allegations contained in his petition, Gibbs was convicted, on or about July 16, 1998, pursuant to a guilty plea to charges of first degree aggravated sexual assault, second degree sexual assault, and second degree endangering the welfare of a child, in the Superior Court of New Jersey, Law Division, Burlington County.  Gibbs was sentenced to 45 years in prison with a 15-year parole disqualifier.

Gibbs filed a direct appeal from his conviction and sentence to the Superior Court of New Jersey, Appellate Division.  On February 6, 2001, the Appellate Division affirmed the conviction, but remanded the matter with respect to the consecutive sentencing.  On July 24, 2002, the trial court conducted a remand

---

[1] Pursuant to the "prison mailbox rule," a habeas petition is deemed filed on the date the prisoner delivers it to prison officials for mailing, not on the date the petition is ultimately filed with the court.  See Houston v. Lack, 487 U.S. 266, 270-71 (1988); see also Burns v. Morton, 134 F.3d 109, 112-13 (3d Cir. 1988) (applying prison mailbox rule set forth in Houston, which dealt with filing of an appeal, to a pro se prisoner's filing of a habeas petition).  Although the Court is unable to determine the exact date that Gibbs handed his petition to prison officials for mailing, Gibbs signed a certification of his petition on March 1, 2009.  See Henderson v. Frank, 155 F.3d 159, 163-64 (3d Cir. 1988) (using date prisoner signed petition as date he handed it to prison officials for purposes of calculating timeliness of habeas petition).  Accordingly, the Court finds that March 1, 2009 was the date this petition was filed for purposes of calculating the timeliness of the petition, and not the date the petition was received by the Clerk of the Court on March 4, 2009.

hearing and imposed the same sentence on August 12, 2002.  Gibbs

appealed again, and the Appellate Division affirmed the trial

court's sentence on July 10, 2003.  Gibbs filed a petition for

certification with the Supreme Court of New Jersey, which was

denied on January 21, 2004.  The New Jersey Supreme Court also

denied Gibbs' motion for reconsideration on April 26, 2004.

Gibbs did not file a petition for certiorari with the Supreme

Court of the United States.

Gibbs then filed a petition for post-conviction relief

("PCR") in state court, asserting claims of ineffective

assistance of trial and appellate counsel, violation of his Fifth

Amendment right to remain silent, prosecutorial misconduct and

judicial misconduct.  The state PCR court denied the petition on

June 27, 2006, without an evidentiary hearing.

Gibbs filed this federal habeas petition on March 1, 2009.

In his petition, Gibbs states that he appealed from the denial of

his state PCR petition, but does not provide the date of the

Appellate Division ruling.  The petition also does not state

whether Gibbs filed for a petition for certification with the

Supreme Court of New Jersey, or the date certification was

denied.  Consequently, on May 1, 2009, this Court issued an Order

to Show Cause directing Gibbs to show cause why his petition

should not be dismissed as untimely under 28 U.S.C. § 22449(d).[2]

---

[2]  Under the Supreme Court's ruling in <u>Day v. McDonough</u>, 547
U.S. 198 (2006), district courts are permitted to consider *sua
sponte* the timeliness of a state inmate's habeas petition, but
must accord the parties fair notice and an opportunity to present

Gibbs responded on or about May 26, 2009. (Docket entry no. 5). He provides pertinent dates with respect to his state court proceedings. First, he states that he filed his state PCR petition on June 24, 2003, requesting appointment of counsel at that time. He claims that he filed his state PCR petition within the prescribed time under the New Jersey state court rules, namely, Rule 3:22-12(a), which states that a PCR petition must be filed no later than five years from the date judgment of conviction was rendered. His judgment of conviction was entered on July 16, 1998. (Id., at ¶¶ 8, 9).

Gibbs also states that, on August 18, 2006, his appointed counsel filed an appeal from the denial of his PCR petition, and that the Appellate Division affirmed on June 27, 2008. The Supreme Court of New Jersey denied certification in a decision entered on October 3, 2008, and filed on October 6, 2008. (Id., at ¶¶ 13-16).

## II. STANDARD OF REVIEW

A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972). A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance. See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney General, 878 F.2d 714, 721-22 (3d Cir. 1989); United States v.

_____

their positions.

4

<u>Brierley</u>, 414 F.2d 552, 555 (3d Cir. 1969), <u>cert. denied</u>, 399

U.S. 912 (1970).  Because petitioner is a <u>pro</u> <u>se</u> litigant, the

Court will accord his petition the liberal construction intended

for <u>pro</u> <u>se</u> petitioners.

III.  <u>STATUTE OF LIMITATIONS ANALYSIS</u>

The limitation period for a § 2254 habeas petition is set

forth in 28 U.S.C. § 2244(d), which provides in pertinent part:

> (1) A 1-year period of limitations shall apply to an
> application for a writ of habeas corpus by a person in
> custody pursuant to the judgment of a State court.  The
> limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by
> the conclusion of direct review or the expiration of
> the time for seeking such review; ...
>
> (2) The time during which a properly filed application
> for State post-conviction or other collateral review
> with respect to the pertinent judgment or claim is
> pending shall not be counted toward any period of
> limitation under this section.

Section 2244(d) became effective on April 24, 1996 when the

Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA")

was signed into law.  <u>See</u> <u>Burns v. Morton</u>, 134 F.3d 109, 111 (3d

Cir. 1998); <u>Duarte v. Herschberger</u>, 947 F. Supp. 146, 147 (D.N.J.

1996).  The Third Circuit has ruled that state prisoners whose

convictions became final before the April 24, 1996 enactment of

AEDPA are permitted one year, until April 23, 1997, in which to

file a federal habeas petition under § 2254.  <u>See</u> <u>Burns</u>, 134 F.3d

at 111.  <u>See</u> <u>also</u> <u>Lindh v. Murphy</u>, 521 U.S. 320, 326-27

(1997)("[t]he statute reveals Congress' intent to apply the

amendments to chapter 153 only to such cases as were filed after the statute's enactment").

Thus, pursuant to § 2244(d), evaluation of the timeliness of a § 2254 petition requires a determination of, first, when the pertinent judgment became "final," and, second, the period of time during which an application for state post-conviction relief was "properly filed" and "pending."

A state-court criminal judgment becomes "final" within the meaning of § 2244(d)(1) by the conclusion of direct review or by the expiration of time for seeking such review, including the 90-day period for filing a petition for writ of certiorari in the United States Supreme Court.  See Swartz v. Meyers, 204 F.3d 417, 419 (3d Cir. 2000); Morris v. Horn, 187 F.3d 333, 337 n.1 (3d Cir. 1999); U.S. Sup. Ct. R. 13.

As noted above, where a conviction became final prior to April 24, 1996, the effective date of § 2244(d), a state prisoner has a one-year grace period after that effective date to file a § 2254 petition.  Burns, 134 F.3d at 111.  However, that limitations period is tolled during the time a properly filed application for state post-conviction relief is pending.  28 U.S.C. § 2244(d)(2).  An application for state post-conviction relief is considered "pending" within the meaning of § 2244(d)(2), and the limitations period is statutorily tolled, from the time it is "properly filed,"[3] during the period between

---

[3] An application is "properly filed" when its delivery and acceptance are in compliance with the applicable laws and rules

a lower state court's decision and the filing of a notice of appeal to a higher court, <u>Carey v. Saffold</u>, 536 U.S. 214 (2002), and through the time in which an appeal could be filed, even if the appeal is never filed, <u>Swartz v. Meyers</u>, 204 F.3d at 420-24. Nevertheless, § 2244(d)(2) does not toll the one year statute of limitations during the pendency of a state prisoner's petition for writ of certiorari in the United States Supreme Court. <u>See</u> <u>Lawrence v. Florida</u>, __ U.S. __, 127 S.Ct. 1079, 1083 (2007); <u>Stokes v. District Attorney of the County of Philadelphia</u>, 247 F.3d 539, 542 (3d Cir.), <u>cert. denied</u>, 534 U.S. 959 (2001).

Here, Gibbs' judgment of conviction became final after the enactment of AEDPA. The judgment of conviction was entered on July 16, 1998, and Gibbs filed a direct appeal shortly thereafter. On April 26, 2004, the Supreme Court of New Jersey denied Gibbs' motion for reconsideration regarding the denial of certification. Gibbs did not seek certiorari with the Supreme Court of the United States, therefore, his judgment of conviction became final 90 days after April 26, 2004, or July 24, 2004. <u>See</u> <u>Swartz</u>, 204 F.3d at 419; <u>Morris</u>, 187 F.3d at 337 n.1; <u>U.S. Sup.</u>

---

governing filings. These usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee. In some jurisdictions the filing requirements also include, for example, preconditions imposed on particular abusive filers, or on all filers generally. But in common usage, the question whether an application has been "properly filed" is quite separate from the question whether the claims <u>contained in the application</u> are meritorious and free of procedural bar. <u>Artuz v. Bennett</u>, 531 U.S. 4, 8-9 (2000) (footnotes and citations omitted).

Ct. R. 13.  Thus, for purposes of determining when the statute of limitations would start to run, Gibbs had one year from July 24, 2004, or until July 24, 2005, to filed his federal habeas petition under § 2254.

To permit tolling of the one-year limitations period under 28 U.S.C. § 2244(d)(2), Gibbs would have had to file his state PCR petition before the one-year period had expired, or before July 24, 2005.  Otherwise, the state PCR petition would not serve to toll the statute of limitations.  In this case, Gibbs now relates that he filed his state PCR petition on June 24, 2003, well before the one-year limitations period would have expired on July 24, 2005.

Moreover, he confirms that the state PCR proceedings remained pending from that time until October 6, 2008, when the New Jersey Supreme Court denied certification on his appeal from denial of his state PCR petition.  Consequently, it is clear that Gibbs is entitled to statutory tolling under § 2244(d)(2), until October 6, 2008.  Gibbs had one year from October 6, 2008, or until October 6, 2009, to file his federal habeas petition.[4] Gibbs filed this § 2254 petition on March 1, 2009, seven months before his limitations period would have expired.  Therefore, this Court finds that the petition is timely filed and will direct respondents to answer the petition accordingly.

_____

    [4]  No time had run on his statute of limitations before October 6, 2008, because Gibbs had filed his state PCR petition before his judgment of conviction became final under 28 U.S.C. § 2244(d)(1)(A).

CONCLUSION

For the foregoing reasons, this Court finds that the petition for a writ of habeas corpus under 28 U.S.C. § 2254 is timely filed pursuant to 28 U.S.C. § 2244(d).  The Court will direct respondents to answer the petition.  An appropriate order follows.


/s/ NOEL L. HILLMAN
NOEL L. HILLMAN
United States District Judge

Dated: November 13, 2009

At Camden, New Jersey